United States District Court
Southern District of Texas
**ENTERED**
December 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE & PROPERTY INSURANCE, CO., | § § § § § | |
| Plaintiff. | | |
| VS. | § § § § § § § § | CIVIL ACTION NO. 3:20-CV-00261 |
| MICHAEL SHAWN CUMBERLAND, ET AL., | | |
| Defendants. | | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me are two motions asking this Court to abstain from exercising jurisdiction over the declaratory judgment action brought by Allstate Vehicle and Property Insurance Company ("Allstate"). *See* Dkts. 10 and 11. After reviewing the motions, responses, replies, and the applicable case law, I **RECOMMEND** that the motions be **GRANTED**.

### **BACKGROUND**

The Texas Cowboys, a men's spirit organization associated with the University of Texas, conducted an initiation ceremony in late September 2018. It began on Friday night, September 29, 2018, and continued throughout Saturday, September 30, 2018. Blake Ryan Lindy ("Lindy") and Nicky Cumberland ("Cumberland") were among the new recruits present for the ceremony. The ceremony allegedly subjected initiates to "a long, grueling, overnight bout of hazing and forced sleep deprivation," and included "forced physical

activity such as wrestling other initiates, digging holes, lighting fires and forced marches, forced drinking, and severe physical abuse." Dkt. 11-1 at 5. Connor Rennick ("Rennick"), a member of the Texas Cowboys, allegedly subjected Cumberland to physical abuse, including repeatedly beating Cumberland with a wooden paddle.  When the initiation ceremony ended, Lindy drove fellow initiate Cumberland home in his automobile.  Lindy fell asleep along the way, lost control of his vehicle, and crashed.  Cumberland tragically died as a result of the accident.

Shawn Cumberland and Sylvia Cumberland, Individually and as Representatives of the Estate of Nicholas Antonio Cumberland ("Cumberland Family"), filed a wrongful death lawsuit earlier this year in Travis County District Court (the "Underlying Lawsuit") against several organizations and individuals, including Rennick, for their alleged involvement in Cumberland's death.  Rennick tendered the Underlying Lawsuit to his Allstate agent in June 2020 based on his status as an insured under his parents' homeowners policy.  A few weeks later, Allstate sent correspondence to Rennick contesting coverage under the policy.

Allstate filed this declaratory judgment action in federal court on August 10, 2020, seeking a judicial declaration that the policy's motor vehicle exclusion absolves Allstate of its duty to defend or indemnify Rennick for the claims asserted against him in the Underlying Lawsuit.  Less than a month later, Rennick filed his own declaratory judgment action in the 459th Judicial District Court of Travis County against Allstate and the Cumberland Family.  In that case, Rennick seeks a judicial declaration that the homeowners policy entitles him to defense and indemnity from Allstate for the claims asserted against

him in the Underlying Lawsuit. Rennick emphasizes that the Underlying Lawsuit seeks damages for bodily injuries and alleged mental anguish damages suffered by Cumberland before and wholly unrelated to the auto accident that tragically took his life. In many respects, the state court declaratory judgment action is a mirror image of Allstate's federal declaratory judgment lawsuit.

Rennick and the Cumberland Family have each filed a motion asking this Court to abstain from deciding Allstate's declaratory judgment action because a related declaratory judgment case, involving state law issues, is pending in state court.

## ANALYSIS

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). *See also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (noting that the Declaratory Judgment Act bestows "a choice, not a command" on a district court) (quotation omitted). Although "the district court's discretion is broad, it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). For example, dismissing a declaratory judgment action based on nothing but a "whim or personal disinclination" would be an abuse of the district court's broad discretion. *Rowan Cos. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989) (quotation omitted).

In deciding whether to abstain from exercising jurisdiction in a declaratory judgment action, a district court must consider: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F. 3d 383, 387 (5th Cir. 2003). Here, there is no dispute that Allstate presents a justiciable claim and the district court has the authority to decide the declaratory judgment suit.[1] The only remaining consideration is the third prong—whether I should accept or decline jurisdiction over the declaratory judgment action. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

The Fifth Circuit has identified seven nonexclusive factors that should guide a district court considering whether to decide or dismiss a declaratory judgment action:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

---

[1] Rennick contends that this declaratory judgment action should be dismissed under Rule 12(b)(1), but that rule is inapplicable here. A Rule 12(b)(1) motion asks a court to dismiss a complaint for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). Subject matter jurisdiction unquestionably exists in this case through complete diversity of citizenship. *See* 28 U.S.C. § 1332(a). Although I clearly possess subject matter jurisdiction, the ultimate question is whether I should decide the declaratory judgment action. That question is wholly unrelated to Rule 12(b)(1).

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994). These nonexclusive *Trejo* factors ensure district courts considering whether to exercise jurisdiction over a declaratory judgment suit adhere to three fundamental principles of our justice system: federalism, fairness, and efficiency. *See Sherwin-Williams Co.*, 343 F. 3d at 390–91.

Applying these factors to the case at hand, I begin by noting that factor one strongly weighs in favor of abstention. There is undeniably a pending state action in which all the matters in controversy may be fully litigated. Indeed, Rennick has filed a declaratory judgment action in state court addressing precisely the issue raised in this case—whether he is entitled to a defense and indemnity from the claims asserted against him in the Underlying Lawsuit. As the Supreme Court has explained:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state

5

law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390–91. Consistent with these principles, federal courts routinely abstain from entertaining declaratory judgment actions involving insurance coverage disputes with parallel state court proceedings—just like the situation here. *See Wilton*, 515 U.S. at 290; *Brillhart*, 316 U.S. at 495; *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 727 (N.D. Tex. 2009). The fact that Allstate filed its federal declaratory action a few weeks before Rennick filed his state court declaratory judgment does not impact my decision on whether to abstain from exercising jurisdiction over this case. *See Am. Bankers Life Assurance Co. of Fla. v. Overton*, 128 F. App'x 399, 403 (5th Cir. 2005) ("We find no indication from case law that the 'first-to-file' rule plays a part in the circumstance that we face today—two actions pending, but one is in *state* court and the other in *federal* court."); *Cherokee Ins. Co. v. Babin*, No. 3:06CV00612-DPJ-JCS, 2007 WL 2381928, at *6 (S.D. Miss. Aug. 17, 2007) (abstaining although federal court declaratory judgment action was filed 17 days before insured filed a state court lawsuit).

The next three *Trejo* factors—whether Allstate filed suit in anticipation of a lawsuit filed by Reddick, whether Allstate engaged in forum shopping in bringing the suit, and whether possible inequities in allowing Allstate to gain precedence in time or to change forums exist—"analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams Co.*, 343 F.3d at 391. In this case, there is absolutely no evidence that Allstate engaged in improper forum shopping or filed this suit in anticipation of Rennick filing suit. *See id.* ("Merely

6

filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"); *Canal Ins. Co. v. XMEX Transp., LLC*, 1 F. Supp. 3d 516, 528–29 (W.D. Tex. 2014) (filing a declaratory judgment action in federal court with jurisdiction to hear it is not abusive forum shopping). Both declaratory judgment actions at issue here were filed within a month of each other and are at their infancy, with no substantive decisions made to date by either the state court or this Court. Accordingly, factors two, three, and four favor retaining jurisdiction.

Factor five asks whether the federal court is a convenient forum for the parties and the witnesses. "A forum need not be the most convenient forum for the parties, but it must not be unduly burdensome." *United Prop. & Cas. Ins. Co. v. Davis*, No. CV H-18-3227, 2019 WL 1858883, at *5 (S.D. Tex. Apr. 25, 2019) (quotation omitted). Neither Reddick nor the Cumberland Family contend that proceeding in federal court in Galveston would be unduly burdensome. At the same time, I am not sure Travis County is a notably less convenient forum, especially considering Reddick's status as a "dual resident of Galveston County and Travis County, Texas." Dkt. 1 at 2. Moreover, the Cumberland Family has chosen to pursue their declaratory judgment action in Travis County. This factor is neutral.

The crux of the present fight over whether I should decide or dismiss Allstate's declaratory judgment action hinges on the sixth factor: whether retaining the lawsuit would serve the purposes of judicial economy. Allstate argues that the discrete legal issues to be decided in this declaratory judgment action can be more effectively resolved in federal court. In short, Allstate's position is that a federal court can quickly decide on summary

7

judgment the central legal issue underlying this dispute. In making this argument, Allstate points out that it has already filed a motion for summary judgment in this case that is ripe for decision. Meanwhile, there is no clear indication when the coverage issue will be ready for resolution in the Travis County declaratory judgment suit.

To me, it makes little sense to have two separate lawsuits—one in state court and one in federal court—involving the same parties and the same legal issues. *See Evanston Ins. Co.*, 669 F. Supp. 2d at 734 ("The only issues in the present case are state-law issues, and they are best resolved by the [state] court that is already considering the disputes among these parties."); *TIG Ins. Co. v. Fairchild Corp.*, No. 07 Civ. 8250 (JGK), 2008 WL 2198087, at *3 (S.D.N.Y. May 27, 2008) ("Insurance disputes, such as the present case, generally present strong reasons for a federal court to abstain because such claims are intimately tied to matters of state law which are being litigated in state court."). Although the summary judgment briefing is complete at the federal level, those papers can be quickly revised and filed in the state court system so that the state court judge handling the case can promptly resolve the state law issues in dispute. Duplicative litigation raises federalism concerns "because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Sherwin-Williams Co.*, 343 F.3d at 391. Efficiency also favors abstention. *See id.* ("A federal district court should avoid duplicative or piecemeal litigation where possible."); *Evanston Ins. Co.*, 669 F. Supp. 2d at 734 ("It is a waste of judicial resources to litigate a federal declaratory judgment action involving only issues of state law that are already being litigated in" state court.). It is particularly appropriate for a federal court to step aside and let the state court system address the merits

of the case when, as here, there are "no reported state court decisions addressing the scope of [the motor vehicle] exclusion" at issue. Dkt. 16 at 10–11. As a general rule, a federal district court should be wary of unnecessarily interfering with a state court's authority to decide questions of state law. *See Sherwin-Williams Co.*, 343 F.3d at 390–91. Because it is inefficient and unnecessary for a federal court to address strictly state law issues when there is a state court lawsuit already pending, factor six tilts toward abstention.

The seventh factor—whether the federal court is being called on to construe a state judicial decree—is not at issue in the present case. This factor is neutral.

Overall, the first and sixth *Trejo* factors strongly favor abstention. The second, third, and fourth factors weigh in favor of retaining jurisdiction. Factors five and seven are neutral. All that being said, the analysis I am required to conduct in deciding whether to abstain from this declaratory judgment action demands a qualitative assessment, not simply a quantitative determination of who amasses the most factors.

After carefully considering the seven non-exclusive *Trejo* factors, I am convinced that the core principles of fairness, federalism, and efficiency all favor abstention. Judicial economy would be best served by allowing the state court handling the parallel lawsuit to proceed to conclusion. All the issues in this case can be fully and promptly decided in the state court action. In fact, a state district court is the ideal forum for questions of state law to be decided. For these reasons, I recommend that the motions to dismiss be granted, and this case dismissed.

## CONCLUSION

For the reasons outlined above, I **RECOMMEND** that Defendant Connor Joseph Rennick's 12(b)(1) Motion to Dismiss or Alternatively Motion to Abstain or Stay (Dkt. 10) and Cumberland Family's Motion to Dismiss or Alternatively Motion to Abstain or Stay (Dkt. 11) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 2nd day of December 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE